UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REYES FOOD MARKET, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-141S |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

## ANSWER

The defendant, United States of America, answers the allegations of the complaint as follows:

1. The defendant admits the allegations of paragraph 1.

2. The defendant admits the allegations of paragraph 2.

3. The defendant admits the allegations of paragraph 3.

4. The defendant neither admits nor denies the allegations of paragraph 4 because they constitute conclusions of law to which no response is required. To the extent that a response is required, the defendant denies the allegations contained in this paragraph.

5. The defendant denies the allegations of paragraph 5.

6. The defendant denies the allegations of paragraph 6 except admits that the agency determined that plaintiff was subject to a six month disqualification from participation in the Food Stamp Program.

7. The defendant denies the allegations of paragraph 7 except admits that Miranda Evelyn Miranda, Officer in Charge of the MA/ME/RI office of the Northeast Region for the Food and

Nutrition Service, made a determination that the plaintiff was disqualified from the Food Stamp Program for a period of six months and that Beverly King, Administrative Review Officer, sustained the determination.

8. The defendant admits the allegations of paragraph 8.

9. The defendant denies the allegations of paragraph 9 as this paragraph misstates the language of 7 C.F.R. 279.7(d).

10. The defendant denies the prayer for relief and avers that the plaintiff cannot state a claim for any relief.

AFFIRMATIVE DEFENSES

1. The plaintiff fails to state a claim under which relief may be granted because:

A. The plaintiff does not dispute that the misuse of food stamps (sale of non-food items) occurred at the store; and

B. The minimum sanction for the acceptance of food stamps for the purchase of non-food items is a six-month disqualification where the evidence shows that personnel of the store committed violations such as the sale of non-food items due to carelessness or poor supervision by the store's ownership or management. *See* 7 C.F.R. § 278.6(e)(5). A six month disqualification, therefore, cannot be held to be arbitrary or capricious, nor can it be overturned by this Court.

2. The plaintiff was properly disqualified from participation in the Food Stamp Program pursuant to Food Stamp Program regulations. *See* 7 C.F.R. § 278.6(e).

3. The plaintiff is not eligible for a civil monetary penalty in lieu of disqualification from the Food Stamp Program. *See* 7 C.F.R. § 278.6(f).

Respectfully submitted,

UNITED STATES OF AMERICA ,
Defendant

By its attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

MICHAEL P. IANNOTTI
ASSISTANT UNITED STATES ATTORNEY
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2006, I caused a copy of the foregoing Answer to be forwarded, by postage prepaid mail, to:

George J. West, Esq.
One Turks Head Place
Suite 312
Providence, RI 02903-2215